WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

In re:                          )
                                )
BCE WEST, L.P., et al.,         )
                                )        No. CIV 05-2693-PHX RCB
              Debtors,          )
_____)         O R D E R
Gerald K. Smith, as Plan        )
Trustee, et al.,                )
                                )
              Plaintiffs,       )
                                )
         vs.                    )
                                )
ACE Insurance Company, Ltd.,    )
et al.,                         )
                                )
              Defendants.       )
_____)

On July 26, 2005, Defendants filed a motion to withdraw the
reference to the Bankruptcy Court in an adversary proceeding filed
by Plaintiffs Gerald K. Smith, et al. (the "Plan Trustee").  Mot.
(doc. 1); Bankruptcy Case No. B98-12547-ECF-CGC through 98-12570-
ECF-CGC (Adversary No. 2:05-ap-00299-CGC).  Plaintiffs filed a
response to Defendants' motion on August 10, 2005.  (doc. 3).
Defendants' reply was filed on August 22, 2005, and thereafter, on

August 26, 2005, Plaintiffs filed a Supplemental Response.  (doc. 3).  Upon an appeal of this matter to the United States District Court, copies of these filings were transmitted to the Court for review.  (doc. 3).  On September 16, 2005, Defendants filed a Supplemental Reply in this matter.  Supp. Reply (doc. 5).  Having carefully considered the arguments raised, the court now rules.[1]

**I. Background Facts**

ACE Bermuda Insurance Ltd., formerly A.C.E. Insurance Company, Ltd., ("ACE"), is an insurance company incorporated and headquartered in Bermuda.  It is not registered to sell insurance or otherwise do business in any state of the United States.  ACE has no employees in the United States and United States companies seeking to purchase insurance from ACE may do so only through non-United States brokers.

ACE issued Directors and Officers Liability Insurance Policy Number BOST-7925D (the "Policy") in favor of insured Boston Chicken Inc. for the period of December 5, 1995 to December 5, 1999.  The Policy provides coverage for certain claims made against the Directors and Officers of Boston Chicken.  The Policy also includes an arbitration clause providing, in part, as follows:

> Any dispute arising under or relating to this policy, or the breach thereof, shall be finally and fully determined in Hamilton, Bermuda under the provisions of the Bermuda Arbitration Act of 1986, as amended and supplemented, by an Arbitration Board composed of three arbitrators who shall be disinterested and active or retired business executives having knowledge relevant to the matters in dispute...

---

[1] On September 16, 2005, Defendants filed a motion requesting oral argument on this matter.  Motion Hearing (doc. 4).  Finding oral argument unnecessary, the Court shall deny this request.

1  Mot. (doc. 1) at 4-5.

2      Beginning in 2001, Gerald K. Smith (as Plan Trustee for and on

3  behalf of the Estates of Boston Chicken, Inc.; BC Real Estates

4  Investment Inc. and all Boston Chicken Affiliates) filed a series

5  of actions in the United States District Court, District of

6  Arizona, against a variety of defendants, including former

7  directors and officers of Boston Chicken Scott Beck and Peter

8  Pedersen.  The Trustee's federal actions were ultimately

9  consolidated before United States District Court Judge Paul

10  Rosenblatt in the action styled <u>Gerald K. Smith v. Arthur Andersen,</u>

11  <u>et al.</u>, Case No. 01-CV-00218 (the "Action").  In or about September

12  2001, ACE advised individual insures Beck and Pedersen that the

13  Action was excluded from coverage pursuant to the Policy's "Insured

14  v. Insured" exclusion.

15      In 2004, Beck and Pedersen entered into separate settlement

16  agreements with the Plan Trustee, whereby the Action against Beck

17  and Pedersen was resolved, in part, by Beck and Pedersen assigning

18  their rights under the Policy to the Plan Trustee.  The Plan

19  Trustee, as assignee, then demanded payment from ACE.  ACE again

20  denied coverage.

21      ACE notified the Plan Trustee that the dispute over ACE's

22  obligations under the policy must be resolved in a Bermuda

23  arbitration, as defined by the Policy's arbitration clause.

24  However, the Plan Trustee refused to consent to arbitration and

25  threatened to sue ACE in the United States in an attempt to have

26  the arbitration clause nullified.  Consequently, ACE sought and

27  obtained an injunction from the Supreme Court of Bermuda, directing

28  the Plan Trustee to abide by the arbitration clause.

In response, the Plan Trustee filed an Adversary Complaint against ACE and ACE's Bermuda and United States attorneys.  The Adversary Complaint states five claims for relief: (1) for an injunction against all defendants preventing them from proceeding with the litigation and arbitration in Bermuda; (2) for sanctions against all defendants for having violated the Barton Doctrine; (3) for damages against ACE for breach of contract based on ACE's failure to make a payment under the Policy; (4) for a declaratory judgment against ACE setting out ACE's obligations under the policy; and (5) for damages against ACE for bad faith denial of claims.  Mot. (doc. 1) at 6.  Now, in the motion currently before the Court, ACE asserts that the Court should withdraw the reference of the adversary proceeding, in its entirety, to the Bankruptcy Court, because the "adversary complaint raises novel issues of federal and international law, and requires the Court to reconcile an apparent conflict between principles of bankruptcy law and the Federal Arbitration Act and other federal law[.]"  Mot. (doc. 1) at 2.

**II. Discussion**

For cause shown, a district court may withdraw the reference of a proceeding to the bankruptcy court.  28 U.S.C. § 157(d).  A district court may, in its discretion, withdraw the reference on any appropriate case, however, it must withdraw the reference when the moving party demonstrates in a timely manner that the case "requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  Id.  The non-bankruptcy federal question must not be merely incidental; rather, the case must turn on

1  "substantial and material" consideration of the non-bankruptcy

2  federal law.  Matter of Vicars Ins. Agency, Inc., 96 F.3d 949, 952

3  (7th Cir. 1996); In re White Motor Co., 42 B.R. 693, 704 (N.D. Ohio

4  1984).  "[M]andatory withdrawal is required only when [the federal]

5  issues require the interpretation, as opposed to mere application,

6  of the non-title 11 statute, or when the court must undertake

7  analysis of significant open and unresolved issues regarding the

8  non-title 11 law."  Matter of Vicars, 96 F.3d at 954; see also In

9  re Atteberry, 164 B.R. 668, 670 (D. Kan. 1994).

10      In the case at bar, ACE argues only for mandatory withdrawal

11  of the reference.  Mot. (doc. 1).  In their motion, ACE asserts

12  that the reference to the Bankruptcy Court must be withdrawn on the

13  entire adversary proceeding, because such proceeding requires

14  interpretation of the Barton Doctrine, and consideration of the

15  principles of international comity and the limits of United States

16  jurisdiction.  Id. at 8.  In particular, ACE contends that the

17  following issues must be analyzed in the adversary proceeding and,

18  thus, satisfy the requirements for mandatory withdrawal.  Id.

19      (1) As a principle of federal common law, the
          Barton Doctrine cannot override the policy in
20      favor of enforcement of arbitration clauses
          embodied in the Federal Arbitration Act and the
21      United Nations Convention on the Recognition and
          Enforcement of Foreign Arbitral Awards...
22      (2) The Barton Doctrine cannot be extended
          internationally to strip a foreign litigant of its
23      right to be heard in its own courts, particularly
          not when the contract at issue contains a valid
24      choice of forum clause selecting the foreign
          jurisdiction...
25      (3) Principles of the comity of laws require the
          United States courts to defer to Bermuda law to
26      determine the enforceability of the arbitration
          clause and the jurisdiction of a Bermuda court
27      over this dispute.
          (4) Principles of the comity of courts require the
28      United States courts to defer to Bermuda courts to

1    determine the enforceability of the arbitration
2    clause.

3    <u>Id.</u>  Lastly, ACE asserts that their motion is timely because the
4    Bankruptcy Court has not ruled on any substantive issue in the
5    case.  <u>Id.</u> at 9.  In addition, ACE notes that withdrawal of the
6    reference need not cause any significant delay in the proceedings
7    because the briefing on the Motion to Dismiss can be transferred
8    from the Bankruptcy Court to the District Court.   <u>Id.</u>

9         In contrast, the Plan Trustee opposes ACE's motion to withdraw
10   by arguing that the adversary proceeding does not present issues
11   requiring interpretation of non-title 11 law and that, in any
12   event, the motion is untimely.  Resp. (doc. 3) at 2.  At the
13   outset, the Plan Trustee maintains that the Adversary Complaint
14   does not raise any "novel" issues that require interpretation of
15   non-title 11 law to revolve.  <u>Id.</u> at 4-11.  "The issues that
16   Defendants contend are "novel" and conflicted are issues that have
17   been visited by other courts, and thus a body of settled law exists
18   to guide the Bankruptcy Court in its determination."  <u>Id.</u> at 4.

19        First, the Plan Trustee contends that, despite ACE's
20   assertions, the <u>Barton</u> Doctrine does not collide with the Federal
21   Arbitration Act ("FAA"), the United Nations Convention on the
22   Recognition and Enforcement of Foreign Arbitral Awards ("UN
23   Convention"), or public policy favoring arbitration.  <u>Id.</u> at 5.
24   Specifically, the Plan Trustee argues that the <u>Barton</u> Doctrine does
25   not attempt to override the obligation to comply with an
26   international arbitration clause.  <u>Id.</u>  He maintains that
27   bankruptcy courts can, and routinely do, review arbitration
28   provisions in commercial agreements and order parties to proceed to

1   arbitration on non-core matters.  Resp. (doc. 3) at 5.  However, he

2   asserts that the <u>Barton</u> Doctrine only "require[s] any party who

3   wishes to enforce an arbitration clause - whether the arbitration

4   clause against a debtor derives from a domestic or international

5   commercial agreement - to first obtain relief from the automatic

6   stay or other orders restraining action against the estate from the

7   appointing bankruptcy court."  <u>Id.</u>  The Plan Trustee contends that

8   nothing about this scheme is inconsistent with the FAA or the UN

9   Convention.  <u>Id.</u> at 6.

10       Moreover, the Plan Trustee asserts that courts "have uniformly

11   concluded that the language, structure and purpose of Title 11

12   clearly evidence Congress' intent to apply the Bankruptcy Code

13   beyond domestic borders."  <u>Id.</u> at 8.  Consequently, he notes that

14   courts in this circuit and elsewhere have not hesitated to enforce

15   the automatic stay, discharge injunction or issue other orders

16   against a defendant who initiates action in a foreign country that

17   threatens the property of the estate or impugns the court's

18   jurisdiction.  <u>Id.</u> (citing <u>In re Simon</u>, 153 F.3d 991 (9th Cir.

19   1998); <u>In re Rimsat Ltd.</u>, 98 F.3d 956 (7th Cir. 1996); <u>In re</u>

20   <u>French</u>, 320 B.R. 78 (D. Md. 2004); <u>In re Dow Corning Corp.</u>, 287

21   B.R. 396 (E.D. Mich. 2002); <u>In re Nakash</u>, 190 B.R. 763 (Bankr.

22   S.D.N.Y. 1996)).

23       Second, the Plan Trustee argues that the Adversary Complaint

24   raises no issues requiring consideration of international comity.

25   Resp. (doc. 3) at 9-11.  He notes that comity is not a rule of law,

26   and thus does not require the United States courts to defer to the

27   Bermuda Supreme Court.  <u>Id.</u>  Additionally, the Plan Trustee argues

28   that international comity is only extended to the judgments of

-7-

foreign tribunals, and does not require the court to defer to the acts of a nonjudicial actor who unilaterally pursues *ex parte* litigation against the debtor and the estate.  Id. at 10 (citing In re Nakash, 190 B.R. at 770).  Lastly, the Plan Trustee contends that comity does not come into play in this case, because there are no competing insolvency proceedings in Arizona and Bermuda.  Id. (citing In re Simon, 153 F.3d at 999).

Third, the Plan Trustee asserts that ACE's motion is untimely and, therefore, should be denied.  Resp. (doc. 3) at 11-13.  He argues that the motion, filed just three weeks before the Bankruptcy Court was scheduled to hear oral argument on their 12(b)(6) motions, was filed for the purpose of delay.  Id. at 11. He notes that ACE filed their motion three and one-half months after the date the adversary complaint was filed.  Id. at 12. Hence, the Plan Trustee argues that ACE did not take the "first reasonable opportunity" to request withdrawal of the reference. Id. (citing In re Baldwin-United Corp., 57 B.R. 751, 753 (S.D. Ohio 1985).

### A. The Barton Doctrine

The Barton Doctrine takes its name from Barton v. Barbour, 104 U.S. 126 (1881), in which the Supreme Court ruled that the common law barred suits against receivers in courts other than the court charged with the administration of the estate.  See In re Crown Vantage, Inc., 421 F.3d 963, 970 n.4 (9th Cir. 2005).  Generally, the Supreme Court held in Barton that leave of the court, by which the trustee was appointed, must be obtained before suit is brought against such a receiver.  See Barton, 104 U.S. at 127; In re Crown Vantage, 421 F.3d at 970 n.4.

> The court held that if leave of court were not
> obtained, then the other forum lacked subject
> matter jurisdiction over the suit.  Barton, 104
> U.S. at 127.  Part of the rationale underlying
> Barton is that the court appointing the receiver
> has in rem subject matter jurisdiction over the
> receivership property.

Id. at 971.  "This requirement enables the Bankruptcy Court to maintain better control over the administration of the estate."  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).  The Ninth Circuit recognized this doctrine in Kashani v. Fulton (In re Kashani), 190 B.R. 875, 883-85 (9th Cir. BAP 1995) and In re Crown Vantage, 421 F.3d at 970.

> We join our sister circuits in holding that a
> party must first obtain leave of the bankruptcy
> court before it initiates an action in another
> forum against a bankruptcy trustee or other
> officer appointed by the bankruptcy court for acts
> done in the officer's official capacity."

In re Crown Vantage, 421 F.3d at 970.  Although 28 U.S.C. § 959(a) grants the right to sue an operating trustee without leave of the bankruptcy court,[2] the section is silent on whether the same rule applies to liquidating trustees.  See In re DeLorean, 991 F.2d at 1240-41 ("Section 959 serves as a limited exception to the above described rule (the "Barton Doctrine"), allowing suits against the trustee for actions taken while 'carrying on business.'").

As noted above, ACE asserts that the reference should be withdrawn from the bankruptcy court on the adversary proceeding because, generally, an analysis of the issues will require

---

[2] "Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."  28 U.S.C. § 959(a).

1    interpretation of the <u>Barton</u> Doctrine.  Specifically, ACE argues

2    that the Bankruptcy Court will have to determine whether the <u>Barton</u>

3    Doctrine overrides the policies in favor of enforcement of

4    arbitration clauses, which are embodied in the FAA and the UN

5    Convention.  In addition, ACE maintains that the Bankruptcy Court

6    would be required to determine whether the <u>Barton</u> doctrine can be

7    extended internationally.  The Court concludes that both of these

8    issues will not require the Bankruptcy Court to "interpret" non-

9    title 11 law.

10       First, the Court does not find that the <u>Barton</u> Doctrine

11   conflicts with the FAA or the UN Convention.  <u>Barton</u> stands for the

12   concept that, before a lawsuit is brought against a receiver, a

13   claimant must first request and obtain leave of the court by which

14   the trustee was appointed.  <u>See</u> <u>In re Crown Vantage</u>, 421 F.3d at

15   969 n.4.  ACE asserts that the FAA and the UN Convention express

16   policies in favor of enforcement of arbitration clauses.  Mot.

17   (doc. 1) at 8.  Thus, ACE seems to attempt to raise a conflict on

18   this issue by calling into question whether the <u>Barton</u> Doctrine,

19   being a principle of federal common law, is overridden by the FAA,

20   a federal statute, and the UN Convention, an international treaty.

21   Although the principles regarding the hierarchy of law may explain

22   that, in the presence of a conflict of law, treaties and statutes

23   may override common law, no such conflict exists here.  <u>See</u>

24   <u>generally</u>, <u>Bradfield v. Trans World Airlines, Inc.</u>, 152 Cal. Rptr.

25   172, 175 (Cal. Ct. App. 1979); <u>U.S. v. Texas</u>, 507 U.S. 529, 533

26   (1993); Norman J. Singer, 1A Sutherland Statutory Construction § 23:23 (6th

27   ed. 2005).

28       Second, the Court finds that the question of whether the

1 <u>Barton</u> Doctrine may be applied outside of the United States is not

2 an issue that requires a mandatory withdrawal of the reference.

3 Courts, in this circuit and elsewhere, have held that Congress

4 intended to apply the Bankruptcy Code beyond domestic borders, and,

5 thus, have enforced the automatic stay, discharged injunctions and

6 imposed other orders against defendants who initiated actions in

7 foreign countries, which threatened the property of the estate or

8 impugned the court's jurisdiction.  <u>See</u> <u>In re Simon</u>, 153 F.3d 991,

9 996 (9th Cir. 1998); <u>In re Rimsat</u>, 98 F.3d 956, 961 (7th Cir. 1996)

10 (finding that even though the action in the foreign court did not

11 threaten to deplete the estate directly, it did imperil the orderly

12 administration of the bankruptcy proceeding, and by doing so, posed

13 an indirect threat to the estate); <u>In re French</u>, 320 B.R. 78 (D.

14 Md. 2004); <u>In re Nakash</u>, 190 B.R. 763 (Bankr. S.D.N.Y. 1996).

15 Hence, it is clear that the automatic stay, 11 U.S.C. § 362,

16 applies extraterritorially.

17      The <u>Barton</u> Doctrine is analogous to the requirements of 11

18 U.S.C. § 362(d), which allows that only by request of a party in

19 interest may the court grant relief from the automatic stay.  <u>See</u>

20 <u>e.g.</u>, <u>In re Deloreon</u>, 991 F.2d at 1241 (finding that, without the

21 benefit of the section 959(a) exception, the general rule regarding

22 stays governs); <u>In re Baptist Medical Center of New York</u>, 80 B.R.

23 637, 643 (Bankr. E.D.N.Y. 1987) (finding that section 959(a)

24 "provides an express statutory exception to the blanket stays

25 inherent to the bankruptcy process").  Here, ACE does not argue

26 that the exception defined in section 959(a) applies.  Therefore,

27 due to the fact that the Plan Trustee is a liquidating trustee, it

28 seems irrelevant whether the <u>Barton</u> Doctrine applies

extraterritorially, even in the face of a contracted choice of forum clause selecting a foreign jurisdiction, because it is clear that the Bankruptcy Code, and, thus, the automatic stay of section 342, applies.  The parties themselves do not dispute that the automatic stay applies in this case.

The Court concludes that ACE has failed to show that the adversary proceeding will require an "interpretation" or "substantial and material" consideration of the <u>Barton</u> Doctrine. Thus, the Court does not find withdrawal of the reference to be mandatory, under 28 U.S.C. § 157(d), on this basis.

**B. Comity**

As noted above, ACE asserts that the reference should be withdrawn from the bankruptcy court on the adversary proceeding because, generally, an analysis of the issues will require interpretation of the principles of the comity of laws and the comity of courts.  "Comity is a doctrine of adjustment, not a mandate for inaction. In the case of parallel inconsistent proceedings in domestic and foreign courts, one must yield; there is no presumption it is the domestic[.]"  <u>In re Rimsat</u>, 98 F.2d at 963.  "[Comity] is not a rule of law, but one of practice, convenience, and expediency."  <u>Somportex, Ltd. v. Philadelphia Chewing Gum Corp.</u>, 453 F.2d 435, 440 (3rd Cir. 1971).  Although comity is more than mere courtesy and accommodation, it does not achieve the force of an imperative or obligation.  <u>Id.</u>

Here, ACE argues that, in the adversary proceeding, the Bankruptcy Court will have to examine whether the principles of comity require the United States courts to defer to Bermuda law and courts when determining the enforceability of the arbitration

1   clause and the jurisdiction of a Bermuda court over this dispute.
2   The Court finds that this issue is not "novel" and shall not
3   require the Bankruptcy Court to "interpret" non-title 11 law.
4        Here, the parties do not dispute that bankruptcy courts are
5   fully able to evaluate and enforce provisions in commercial
6   agreements, including arbitration clauses.  Resp. (doc. 3) at 5;
7   Reply (doc. 3) at 2 ("If this case involved nothing more than the
8   enforcement of an arbitration clause, withdrawal of the reference
9   would not be required.")  The Court does not agree with the Plan
10  Trustee's argument that comity does not come into play in this case
11  because there are no competing insolvency proceedings.   In
12  Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S.
13  614 (1985), the Supreme Court noted that "concerns of international
14  comity, respect for the capacities of foreign and transnational
15  tribunals, and sensitivity to the need of the international
16  commercial system for predictability in the resolution of disputes"
17  required, in that case, that the parties' arbitration agreement be
18  enforced.  473 U.S. at 629.  Thus, the principles of comity are
19  merely factors that the Bankruptcy Court may consider when
20  determining whether the parties' arbitration clause should be
21  applied in the case at bar.  See, e.g., In re Rimsat, 98 F.3d 956,
22  963 (7th Cir. 1996) (using comity as one of the factors considered
23  in determining that the forum of a specific United States
24  Bankruptcy Court was more appropriate for resolution of certain
25  disputes in the case than the Court in Nevis).  ACE has raised no
26  clear argument indicating that the Bankruptcy Court would be ill-
27  prepared to conduct this analysis in its regular review of the
28  parties' arbitration clause.  The Court is not convinced that such

1   analysis requires any "interpretation" of non-title 11 law.

2        In light of the fact that the Court finds no compelling reason

3   why the reference to the Bankruptcy Court should be withdrawn on

4   this matter, the Court need not analyze the Plan Trustee's

5   objection regarding the timeliness of ACE's motion.  Finding that

6   ACE has failed to show that withdrawal of the reference on the

7   Adversary Complaint is mandatory, the Court shall deny ACE's

8   motion.

9        Therefore,

10       IT IS ORDERED that Defendants' motion requesting oral argument

11   on this matter (doc. 4) is DENIED.

12       IT IS FURTHER ORDERED that Defendants' motion to withdraw the

13   reference of this case (doc. 1) is DENIED.

14       DATED this 31st day of August, 2006.

15

16

17   _____

18        Robert C. Broomfield
          Senior United States District Judge

19

20   Copies to counsel of record

21

22

23

24

25

26

27

28

- 14 -